## WILLIE PRICE v. THE STATE.

No. 3283.    Decided May 16, 1906.

**Burglary—Age of Defendant—Reformatory.**

Where upon trial for burglary the evidence lacked that conclusiveness as to defendant's knowledge and discretion to understand the nature and illegality of the act, although he may have known right from wrong, the conviction was not authorized.

Appeal from the District Court of Gonzales. Tried below before the Hon. M. Kennon.

Appeal from a conviction of burglary; penalty, two years confinement in the reformatory.

The opinion states the case.

No brief for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State. ·

BROOKS, Judge.—Appellant was convicted of burglary, and his punishment fixed at two years confinement in the reformatory.

The evidence conclusively shows that appellant, at the time of the burglary, was under 13 years of age. Article 34, Penal Code, provides, that there shall not be conviction, except where the State has proved that defendant had discretion sufficient to understand the nature and illegality of the act constituting the offense; and it is contended by appellant that this has not been shown by the State in this case. We have very carefully reviewed the evidence on the mental status of appellant at the time of the commission of the offense, and in our opinion, the suggestion in the brief of the State of a doubt as to its sufficiency is not only well taken, but shows a state of facts entirely in accord with the facts stated in Keith v. State, 33 Texas Crim. Rep., 341, and lacks that conclusiveness as to appellant's knowledge and discretion to understand the nature and illegality of the act. Hence, we cannot permit the verdict to stand. As stated in the Keith case above, the mere fact that witness knew right from wrong would not per se authorize a conviction for a felony or other criminal offense. He must have a clear mental conception of the nature and illegality of the act constituting the offense. The testimony of the witnesses on this question is extremely unsatisfactory. There is no evidence along this line, as we view the record, that would authorize us to permit the verdict to stand.

The evidence being insufficient to show that appellant knew the nature and illegality of the act, the judgment is reversed and the cause remanded.

*Reversed and remanded.*