### DOUGLASS SMITH V. THE STATE.

#### No. 2716.   Decided November 5, 1913.

#### Rehearing denied March 11, 1914.

**1.—Rape—Child Witness—Discretion of Court.**

Where, upon trial of rape, the record showed on appeal that the prosecutrix who testified for the State was not quite six years of age, and the court, after testing her competency as a witness, permitted her to testify, and under the authorities of this State, she seemed to have met the requirements of the law as to her competency as a witness, there was no error in permitting her to testify.

**2.—Same—Child Witness—Capital Case—Statutes Construed.**

Where, upon trial of rape, it developed that the prosecutrix who testified for the State was not quite six years of age, and counsel objected that the witness was incompetent to testify by reason of the fact she was under seven years of age, and, as a matter of law, irrespective of her intelligence, a child under seven years of age is incompetent to testify in a capital case for the reason that the only penalty affixed to perjury committed in a capital case is death, and that a person under seventeen years of age can not be punished by the death penalty, and could, therefore, not testify subject to the pains and penalties of perjury as provided in section 5, article 1, of the Constitution of Texas. Held, that article 311, Penal Code, does not apply because the defendant was not punished by death, but by confinement in the penitentiary.

**3.—Same—Statutes Construed—Rule Stated—Death Penalty.**

Under article 311, Penal Code, the perjury must not only be in a capital case, but it must be as to a material fact, and the result of the trial must end in the death penalty conviction and by which the party suffers death, and, therefore, defendant's contention that the child witness was incompetent to testify because, if a death penalty resulted, she could not be convicted of perjury, is

Vol. 73 Crim.-18.

not brought within the terms of said article, as the defendant was only allotted fifteen years imprisonment in the penitentiary, and the fact that the death penalty might have been inflicted did not render the witness incompetent, although she testified to material facts.

#### 4.—Same—Sufficiency of the Evidence.

Where, upon appeal from a conviction of rape, the offense was admitted by the statement of facts, and there was no error in permitting the prosecutrix, who was a child not quite six years of age, to testify, and the testimony was sufficient to sustain the conviction, there was no reversible error.

#### 5.—Same—Statutes Construed—Legislative Authority.

See opinion for a discussion and construction of articles 34, 310 and 311, Penal Code, holding that whether it be wise or not that the Legislature should make the exception in favor of perjury authorizing the conviction of children, is not for this court to say, as this is a matter of legislative authority.

Appeal from the District Court of Jefferson. Tried below before the Hon. John M. Conley.

Appeal from a conviction of rape upon a female under the age of consent; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Herbert W. Reed* and *Fred L. Williams,* for appellant.—On question of incompetency of witness: Freazier v. State, 84 S. W. Rep., 360; Murray v. State, 2 S. W. Rep., 762; Clarfoss v. State, 42 Md., 403; Fry v. Chicago, B. & Q. R. R. Co., 73 Ill., 402; Waire v. State, 64 S. W. Rep., 1061; Warren v. State, 41 S. W. Rep., 635; Hooper v. State, 69 S. W. Rep., 149; State ex rel. v. Brown, 16 L. R. A., 691.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of rape, his punishment being assessed at fifteen years confinement in the penitentiary.

A bill of exceptions recites that in making out the case the witness Cleo Johnson, the little girl alleged to have been raped, was sworn to testify in the case. Objection was urged on the ground that it had been proved by the witness Taylor Johnson, father of the witness, that she was not quite six years of age, therefore, was not competent to testify in a capital case. In answer to this objection the court said he would examine the child to ascertain something about her, whereupon counsel renewed objection. After examining the child the court pronounced her competent and permitted her testimony. Counsel objected that witness was incompetent to testify by reason of the fact she was under seven years of age and as a matter of law, irrespective of intelligence, a child under seven years of age is incompetent to testify in a capital case. After hearing argument of defendant's counsel that, inasmuch as the only penalty affixed to perjury committed in a capital case is death, and since it was impossible to know what punishment would be given the defendant, and since a person under seventeen years of age can not be punished in this State by the death penalty, therefore the six-year-old witness

would not be amenable to punishment for perjury should the death sentence be inflicted, and consequently she could not testify subject to the pains and penalties of perjury provided in section 5 of article 1 of the Constitution. All the objections were overruled, and the witness testified. The court qualifies this bill as follows: "The court carefully examined this witness as to her understanding of the nature and obligation of an oath. The examination disclosed that she had gone to school and knew her A B C's; she told the name of her teacher, the names of her brother, and other relatives, the school her brother attended; that her mother was dead, but her father was living and gave his name; that she was not living now with her father, but with her Auntie, giving her name; told how many children her Auntie had and gave their names; that she lived there, that they were good to her, that she went to Sunday School out at her Auntie's church; that she heard about God, that God was up in heaven; that she knew about the devil, he was a bad man; that if she was good when she died she would go to heaven, and if she was bad she would go to the bad man; that she knew what it was to tell stories, that she knew what it meant to hold up her hand and swear she would tell the truth, and that if she did not tell the truth she would go to the bad man and the penitentiary. The child was quite above the ordinary in intelligence for one of her age, and had the mental capacity to qualify her as a witness in the case."

The court permitted her to testify, and these matters and facts are set up in the bill of exceptions as qualified by the judge. Under the authorities in this State she seems to have met the requirements of the law, as to competency, and the court did not err in permitting her to testify. See White's Ann. Penal Code, art. 768, sub-div. 2; for collated authorities see sections 951, 952, 953, 954. The evidence in the case is approved for its brevity, succinctness and directness, covering only a page. The statement of facts recites the parties agreed that on the trial Cleo Johnson, prosecutrix, testified the defendant had carnal intercourse with her; that he penetrated her female organ with his male organ, in the State of Texas, and County of Jefferson, at a time before the presentment of this indictment, and within one year prior to the presentment of the indictment. That no other testimony was introduced to prove penetration, or the commission of the necessary acts essential to constitute the crime of rape. However, the brother, age nine, of the prosecuting witness, testified that on or about the time of the commission of the alleged offense that the defendant met him and his sister, Cleo Johnson, the prosecuting witness, near the house where the crime was alleged to have taken place, and he gave him a nickel and sent him off to get fire crackers and that he left his sister, Cleo Johnson, with the defendant. There was testimony of other witnesses to the effect that the defendant lived in a house a few doors from where prosecuting witness lived, with an aunt, and that appellant was often at the aunt's house. That in the absence of her testimony the commission of the crime of rape on her person was not proved to have been committed by the defendant

Douglass Smith. That the witness Cleo Johnson was a girl under six years of age at the time she testified in said cause; that her age was established by her father and not contradicted.

This is the testimony. Taking the statement of facts the rape was admitted, that is, it was admitted she swore to penetration and there was no contradiction of that fact. We are of opinion that under the authorities the court was not in error in permitting the little girl to testify, and that the evidence presented by this record is sufficient to sustain the conviction. Certainly, if appellant had intercourse with the little girl, that is if penetration occurred, she being under fifteen years of age, the offense of rape is shown.

Appellant's contention is that under the facts the little girl was incompetent, not by reason of her want of intelligence but by reason of the fact that the offense was a capital one, and being under seventeen years of age the girl was incompetent because she could not be punished with death. The statute, article 34, Penal Code, provides that "no person shall in any case be convicted of any offense committed before he was of the age of nine years, except perjury, and for that only, when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; nor of any other offense committed between the years of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense." It has been held that the statutory discretion means more than the minor's knowledge of the difference between good and evil. He must know the nature and illegality of the particular act. Parker v. State, 20 Texas Crim. App., 451; Keith v. State, 33 Texas Crim. Rep., 341; Linhart v. State, 33 Texas Crim. Rep., 504; Price v. State, 50 Texas Crim. Rep., 71. This is a matter for the court, not the jury. The rule with reference to governing the discretion of witnesses under such circumstances has been discussed in Wusnig v. State, 33 Texas, 652; Carr v. State, 24 Texas Crim. App., 562. Article 35, Penal Code, provides, "a person, for an offense committed before he arrived at the age of seventeen years, shall in no case be punished with death; but may, according to the nature and degree of the offense, be punished by imprisonment for life, or receive any of the other punishments affixed in this Code to the offense of which he is guilty." It has been held also that first degree murder by a person under seventeen years of age is not a capital offense. Ex parte Walker, 28 Texas Crim. App., 246.

Article 311, Penal Code, is in the following language: "When the perjury is committed on a trial of a capital felony, and the person guilty of such perjury has, on the trial of such felony, sworn falsely to a material fact tending to produce conviction; and the person so accused of the capital felony is convicted and suffers the penalty of death, the punishment of the perjury so committed shall be death."

Section 310, Penal Code, provides that "the crime of perjury, except as in cases provided for in article 311 of the Penal Code, shall be pun-

ished by imprisonment in the penitentiary for a term not more than ten years nor less than two years."

Appellant's contention, and his main contention, is that the witness being a minor under seventeen years of age, could not be capitally punished under the statute, and, therefore, under the articles quoted, the child could not be used as a witness at all, because by virtue of the terms of article 311 the perjury, if perjury, was committed in a capital case. We have read with great interest the learned argument of counsel for appellant in which the reasons are stated why his position should be sustained. It shows wonderful research and profound erudition, but we are of opinion that by the terms of article 311 of the Penal Code his position is not sound. In order to make his position tenable the conviction in this case should have been for the death penalty. Had the jury awarded the defendant in the case the death penalty, the question would have been fraught with many difficulties, but unless the perjury, if perjury, is committed as to a material fact before a jury in a case in which the witness testified resulted in the death penalty, we are of opinion that the terms of article 311 of the Penal Code would not apply. The perjury must not only be in a capital case, but it must be as to a material fact and the result of the trial must end in the death penalty conviction in which the party suffers death. It is a peculiar statute in some respects, but the Legislature saw proper to enact it in the form in which it is enacted, and having the power to do so, this court would be without authority to construe the meaning of that statute otherwise than expressed, on the face by its terms. Therefore, appellant's contention is not brought within the terms of the article, because the defendant was only allotted fifteen years in the penitentiary; he was not convicted of the death penalty. We are of opinion that appellant's contention is not sound, that as the death penalty might be inflicted therefor the witness was incompetent. The statute requires more than this, not only that the death penalty might be inflicted, but as a matter of fact it is inflicted, and that the witness testified to some material fact bringing about or tending to bring about that conviction. That the witness testified to the material facts in the case is conceded in the statement of facts. The main fact perhaps in the case, or at least one of the most cogent facts necessary to conviction for rape, is penetration. This occurred. It is not every perjury committed in capital cases that would justify a prosecution or conviction for perjury with a view of obtaining the death penalty. In order to obtain the death penalty in death cases the terms of the statute must be met, and the record must show that these terms were fully met. As we view the case, and as we understand the law from the statute, appellant was not brought within the terms of article 311 of the Penal Code, and, therefore, his position that the child was incompetent for these reasons is not well taken. Whether it be wise or not that the Legislature should make the exception in favor of perjury authorizing the conviction of children is not for this court to say. The Legislature saw proper to do so, and excused from punishment all children

under nine years of age except in perjury cases. They had the authority under the Constitution to enact the statute, and this court is not empowered to revise their authority. The wisdom of it may or may not be questioned. The authority is a different proposition.

Finding no such error in the record as requires a reversal of the judgment, it is ordered that it be affirmed.

*Affirmed.*

[Rehearing denied March 11, 1914.—Reporter.]