### D. J. BROWN v. THE STATE.

#### No. 3527. Decided April 28, 1915.

**1.—Rape—Consent—Indictment.**

Upon trial of rape upon a female under the age of consent, it was not necessary to allege in the indictment that the offense was committed without her consent. Following Mayo v. State, 7 Texas Crim. App., 342, and other cases.

**2.—Same—Child Witness—Discretion of Court.**

Where, upon trial of rape, prosecutrix was only six years of age and was examined by the court as to her competency to testify, who found her a competent witness in his discretion, there was no reversible error. Following Hawkins v. State, 27 Texas Crim. App., 273.

**3.—Same—Name of Prosecutrix—Variance.**

Where the indictment charged that the rape was committed upon Dorothy Cohen, and her mother testified that the child's name was Dorothy, by which name she was known, but the prosecutrix, who was a girl of six years of age, spelled her name "Dorthea," this did not constitute any variance.

**4.—Same—Evidence.**

Upon trial of rape upon a female under the age of consent, it was not necessary to show force, yet all of defendant's acts during the transaction were admissible in evidence.

**5.—Same—Evidence.**

Where, upon trial of rape upon a small child, it was shown that a lady interfered and prevented the defendant from committing actual rape, there was no error in permitting a prosecuting witness to testify the length of time she had been acquainted with said lady.

**6.—Same—Sufficiency of the Evidence—Requested Charge.**

Where, upon trial of rape upon a female under the age of consent, the

Vol. 76 Crim.-33.

evidence sustained the conviction, there was no error in refusing a charge to acquit the defendant.

**7.—Same—Argument of Counsel.**

Where counsel for defendant simply objected to the remarks of State's counsel, and the court sustained the objection and instructed the jury to disregard them, and State's counsel withdrew them and no bill was reserved, there was no reversible error; besides, the argument of counsel was not objectionable.

**8.—Same—Practice on Appeal—Motion for New Trial.**

A motion for new trial should state each ground relied upon so that the trial court may have an opportunity to correct his error, if any.

Appeal from the District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of discretion of court in admitting testimony of a child witness: Davidson v. State, 39 Texas Crim. Rep., 129; McCormick v. State, 52 id., 494; Anderson v. State, 53 id., 347; Wolfforth v. State, 31 id., 398; Murphy v. State, 36 id., 29; Oxsheer v. State, 38 id., 585; Moore v. State, 49 id., 449; Brown v. State, 6 Texas Crim. App., 286.

On question of variance of names: Milontree, 30 Texas Crim. App., 151; Goode v. State, 2 id., 524; Roth v. State, 10 id., 27; Thomas v. State, 2 id., 293; Henry v. State, 3 id., 392; Cline v. State, 34 Texas Crim. Rep., 416; Mikel v. State, 42 id., 616; Nichelson v. State, 53 id., 634; Rowan v. State, 124 S. W. Rep., 673; Deckard v. State, 57 Texas Crim. Rep., 359, 123 S. W. Rep., 418; Bronson v. State, 59 Texas Crim. Rep., 17, 127 S. W. Rep., 175.

HARPER, JUDGE.—Appellant was convicted of assault with intent to rape and his punishment assessed at twenty-five years confinement in the penitentiary.

Appellant moved to quash the count in the indictment charging him with assault with intent to commit rape, on the ground that said count does not negative the consent of the girl. As the girl is alleged to be under fifteen years of age, it was not necessary to allege that the offense was committed without her consent. The offense may be committed with or without her consent, she being under fifteen years of age. Mayo v. State, 7 Texas Crim. App., 342; Gibson v. State, 17 Texas Crim. App., 574; Rogers v. State, 30 Texas Crim. App., 510.

The little girl upon whom appellant is charged with having made the assault with the intent to commit the crime of rape was only six years old. She testified she knew what was meant when she took the oath: "It means to take an oath to God to tell the truth; that if she

told a falsehood she would be punished." The examination on this point is not very full, and as this is a matter which is left to the sound discretion of the trial judge, unless the record should demonstrate this discretion had been abused, we would not be authorized to review his finding on this issue. She details the transaction very intelligently. Hawkins v. State, 27 Texas Crim. App., 273, and cases cited in sec. 854, Branch's Crim. Law.

In the indictment the name of the little girl is spelled "Dorothy Cohen." Her mother testified that her name was "Dorothy," and the little girl answered to that name, yet when she was asked to spell the name she spelled it "Dorthea." As her mother testified she had named her Dorothy, and it appears that she went by that name, the fact that the little girl spelled it as above does not present a variance.

The little girl testified that appellant told her to take her pants down, and she would not do so, but appellant took hold of her and took the pants off—that she tried to keep him from doing so, but could not. It is true the question of force was not an issue in the case, but all of appellant's acts on this occasion were admissible on the issue of what was his intent in taking off her underclothes, unbuttoning his pants, taking out his privates, and pressing her to him, etc., when Mrs. Shelling interfered.

The court states no such exception was reserved as is recited in bill No. 5, but if it had been, the length of time the prosecuting witness had been acquainted with Mrs. Shelling (the lady who interfered) would be admissible.

The evidence fully supports the verdict, and the court did not err in refusing to instruct a verdict of not guilty.

To the bill objecting to remarks of the county attorney, the court appends the following notation: "This bill is not approved for the reason that no exception was taken at any time to the action of the county attorney in his remarks to the jury. Counsel for defendant simply objected to the remarks, and the court sustained the objection, and instructed the jury to disregard them, and State's counsel withdrew them, and no bill was reserved." The remarks, we think, anyway were authorized under the facts stated, if exception had been reserved.

We have discussed each bill contained in the record, yet in the motion for new trial the trial court was only asked to grant a new trial, because the motion to quash the indictment should have been sustained, and that the evidence was insufficient to sustain the verdict. Counsel should always place in their motion for a new trial each ground relied upon that the trial court may have a chance to correct his own error if any committed. However, as before stated, we have passed on each bill of exceptions, and find no error was committed, and the judgment is affirmed.

*Affirmed.*