### Henry Tennel v. The State.

No. 3868.  Decided December 22, 1915.

**1.—Rape—Indictment—Female Under Age.**

Where, upon trial of rape upon a female under the age of consent, the indictment followed approved precedent, the same was sufficient.  Following Fowler v. State, 66 Texas Crim. Rep., 500.

**2.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of rape, the evidence was sufficient to sustain a conviction under a proper charge of the court to which no objection was made, the jury assessing the death penalty, there was no reversible error.

**3.—Same—Child Witness—Presumption.**

In the absence of a proper bill of exceptions to show that the injured child did not possess sufficient intelligence to relate the transaction, or that she did not understand the obligation of an oath, it will be presumed that she was competent to testify.  Following Moore v. State, 49 Texas Crim. Rep., 449, and other cases.

**4.—Same—Evidence—Res Gestae—Rebuttal—Charge of Court.**

Where, upon trial of rape upon a female under the age of consent, the evidence developed that the defendant committed rape upon two little girls, one five and the other six years of age, at the same place in close succession, and was upon trial for rape upon the little girl of six years of age,

there was no error in rebuttal of the testimony of the defendant to introduce as a witness the other little girl who testified without objection to the alleged rape. This was res gestae, and the court was not called upon to limit it in his charge to the jury.

**5.—Same—Function of Jury—Sufficiency of the Evidence—Rule Stated.**

Where the jury have solved the issues presented by the evidence under a fair and proper charge of the court, and there is sufficient evidence in the record on appeal to sustain the conviction, and nothing whatever is shown that reflects upon the fairness of the trial, the judgment of conviction will not be disturbed. Following Edwards v. State, recently decided.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of rape upon a female under the age of consent; penalty, death.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* and *E. T. Branch,* for the State.—Cited cases in opinion.

HARPER, JUDGE.—"This is an appeal from a conviction assessing the death penalty for rape. The indictment is as follows:

" 'In the name and by authority of the State of Texas.

" 'The grand jury of Harris County, State of Texas, duly organized at the August term, A. D. 1915, of the Criminal District Court of said county, in said court, at said term, do present that Henry Tennel on the 2nd day of September, A. D. 1915, in said county and State, did have carnal knowledge of Wilmay Claybourn, a female, then and there under the age of fifteen years and then and there not being the wife of the said Henry Tennel. Against the peace and dignity of the State.

Jno. C. Penn,<br>Foreman of the Grand Jury.'

"This is the form of indictment for rape upon a female under the age of consent laid down in section 1768 of 'Branch's Penal Code,' which is now in press, and was so framed as to avoid alleging more than was necessary to be proven, while averring all that was necessary to be proven, under the suggestion and according to the rules of law laid down by this court in Fowler v. State, 66 Texas Crim. Rep., 500, 148 S. W. Rep., 576. The charge of the court required the jury to find beyond a reasonable doubt the truth of what was alleged, and the charge of the court was not objected to on the trial and before it was read to the jury as required by the statute of this State, and there are no bills of exception in the record. The sufficiency of the evidence is the only question presented for review.

"The mother of the child who was raped testified that the little girl

was six years old ('Tr., p. 1), and was not married to anyone (Tr., p. 2), and the child herself testified that she was six years old (Tr., p. 11), and this was shown without controversy.

"On September 2, 1915, appellant rented a rubber-tired buggy and was driving a sorrel horse. (Tr., p. 14.) Prosecutrix had gone to the house of a woman named Ella Culver to stay while her mother went up town. Appellant was there and drank some beer, and afterwards took prosecutrix and another little girl, who was five years old, in his buggy and went down to the bayou with them. Both prosecutrix and the other little girl testify positively and in terms that appellant penetrated their private parts with his male member while down on the bayou. Appellant was seen by other witnesses on the road to the bayou with the little girls driving the rubber-tired buggy. About two hours after appellant had left with the two babies, they came home crying, bleeding and showing the effects of beating and choking. Prosecutrix was immediately taken to the office of the county physician, and there examined by him. He testifies to facts corroborating their account of what had happened to prosecutrix. No useful purpose would be served by setting out the details of his examination, but it shows (Tr., pp. 10 and 11) that terrible force was used on her sexual organ, and that she was otherwise mistreated with physical violence. The testimony of prosecutrix shows unusual intelligence for a child of six years, and there is nothing in her testimony which is contrary to human experience or inconsistent with the truth. In the absence of a proper bill of exceptions showing that the child did not possess sufficient intellect to relate the transaction, or that she did not understand the obligation of an oath, it will be presumed that she was competent to testify. Moore v. State, 49 Texas Crim. Rep., 449, 96 S. W. Rep., 327; Munger v. State, 57 Texas Crim. Rep., 384, 122 S. W. Rep., 874. The admission of a child's evidence is properly within the sound discretion of the trial court. McCormick v. State, 52 Texas Crim. Rep., 493, 108 S. W. Rep., 669; Zunago v. State, 63 Texas Crim. Rep., 58, 138 S. W. Rep., 713; Brown v. State, 76 Texas Crim. Rep., 513, 176 S. W. Rep., 50.

"After appellant had taken the witness stand and testified to being at the house from which the children were taken and had denied that he took them or raped the prosecutrix, the State, on rebuttal, introduced the other little girl, who testified without objection to the rape on her and on prosecutrix, corroborating the testimony of prosecutrix in every substantial detail, and the testimony of the two little children was given in such a manner as to leave no doubt of its truth, and when taken in connection with the other testimony there is no room for doubt that appellant was guilty of the terrible outrage upon these babies. The testimony of the younger child was admissible as it was a part of the *res gestae,* and being a part of the *res gestae* the court was not called on to limit it in the charge of the jury.

"As was said in the recent case of Edwards v. State, 78 Texas Crim. Rep., 210, decided by this court on December 1, 1915, 'When the jury have solved the issues presented in the testimony under a fair and proper

charge of the court, and there is sufficient evidence in the record, if believed, to support the verdict, and that verdict is approved by the trial judge whose duty it is to set the conviction aside if not satisfied of the guilt of the accused, the verdict will not be set aside on the facts on appeal unless clearly wrong.'

"Nothing whatever is shown by this record that reflects upon the fairness of the trial, and as far as human testimony given in human tribunals can demonstrate the guilt of the accused, this has been done. The learned judge who presided over the trial and who charged the jury fully and fairly has approved the verdict, the testimony amply warrants the verdict of the jury, and indeed from this record it is improbable that any honest jury would or should have found a different verdict."

We have adopted the above brief as the opinion of the court, as it so fully discusses the case. There are no bills of exception in the record; consequently, the only question we could review would be the sufficiency of the evidence to sustain the verdict; and, if the evidence in any case of rape would authorize the infliction of the death penalty, we think this one of those cases.

The judgment is affirmed.　　　　　　　　　　　*Affirmed.*