JOHN POWELL v. THE STATE.

No. 8713. Delivered April 8, 1925.

Rehearing denied May 13, 1925.

1.—Manufacturing Intoxicating Liquor—Witness—Competency of Child—For Trial Court.

The competency of a child seven years of age as a witness is largely within the discretion of the trial court, and unless it appears that his discretion has been abused, this court will not review it. See Branch's Ann. P. C. pages 993-4.

2.—Same—Evidence—Cross-Examination—Of Defendant.

It was proper to permit the state on cross-examination of the defendant to ask him if he had a still while he lived on Dr. Johnson's place, near Hebron, and if he did not have certain parties come down and help him make whisky while he lived on Dr. Johnson's place. If he had answered in the affirmative the time being within the period of limitation, it could have been used as a basis for a conviction, in this case.

3.—Same—Evidence—Not Responsive—Practice.

Where a witness volunteers a statement which is hearsay and not responsive to any question asked, merely objecting to the question is not sufficient. The court should be requested in writing or orally to withdraw such statement from the jury, and in the absence of such a request or a special charge presented to that effect, no error is presented to this court.

Appeal from the District Court of Denton County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, eighteen months in the penitentiary.

The opinion states the case.

*Robt. H. Hopkins,* of Denton, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Denton County of manufacturing intoxicating liquor, and his punishment fixed at eighteen months in the penitentiary.

Officers went to the premises of appellant in May or June, 1923, and found a still buried in his garden about seventy-five yards from his house. The still consisted of a ten gallon copper can and a copper worm, which were buried separately. They also found a mash barrel buried in his back yard over which was a piece of iron and dirt thrown over that and a water barrel setting on top of this. There was no mash in the barrel, but the officers testified that from an examination of it and its odor it had contained mash. The still appeared to be in good condition, and both the worm and the can had the appearance of having been used. It was shown in testimony that appellant moved to this place something like six months before the raid of the officers.

A seven year old daughter of appellant was used as a witness by the State. Her competency as such witness is assailed in the second bill of exceptions. This is a matter largely within the discretion of the trial court, and unless it appears that his discretion has been abused this court will not review it. Many decisions will be found on pages 993-4 of Mr. Branch's Annotated P. C. in support of this proposition. This child fully qualified, in our opinion. She testified unequivocally and positively to the fact that her father had made whiskey at the place where they were living at the time the officers made this raid, and that on numerous occasions men had come to the place and gotten it. Appellant took the witness stand in his own behalf and testified that the still belonged to his wife, and that she had used it in manufacturing whiskey. He admitted

having gone to town with her at the time she got it, and having assisted her in setting it up, and also that he buried it and the barrel where they were found. We think the facts amply sufficient to justify the conclusion reached by the jury.

Appellant's request for a suspended sentence was not submitted to the jury, and properly so because he was shown by the evidence to be over twenty-five years of age, and in a liquor prosecution the statute denies the benefit of suspended sentence to one of such age.

There is complaint made of the fact that while appellant was on the witness stand the county attorney asked him if he had a still while he lived on Dr. Johnson's place near Hebron, and if he did not have certain parties come down and help him make whiskey while he lived on Dr. Johnson's place. It is shown by the bill that appellant answered each question in the negative. We do not perceive the improper character of the State's question. Appellant was denying that he made the liquor at the place where he was living when the officers raided the premises, and if the State could secure from him an admission of the fact that he made whiskey at another place where he lived before he moved to his present location, and within the period of limitation this would seem permissible as the basis for a conviction in this prosecution, if the State so elected.

Appellant complains of certain hearsay testimony, but the bill is qualified by the trial court with the statement that the witness volunteered the testimony in question, and that while appellant objected, apparently after the statement was made, no request was made to the court to withdraw said remark from the jury. The hearsay evidence was regarding a statement made by a merchant as to some sugar purchased by appellant. If an objection had been made in time, we conclude that the trial judge would have sustained it. If a motion had been made to withdraw the statement so volunteered, we take it the trial judge would have sustained it, and if an instruction had been asked telling the jury to disregard the testimony, it would seem from the statement of the judge that he would have given this. As the matter is presented there is nothing in same calling for a review by us. The evidence overwhelmingly supports the conclusion of guilt, the testimony of appellant himself seeming to make him guilty with his wife as a principal, even if his claim be true that she was the one who made the whiskey.

The remaining bill of exceptions is to the overruling of the motion for new trial which sets up no extraneous matter, and was in the usual form complaining of things that occurred during the trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant earnestly insists that we erred in holding the child witness to be competent, and we have again reviewed the record in this regard. It is generally understood that before a witness can testify, to whom objection is made because of immaturity, it must appear from the circumstances, or from the examination had, that the witness possesses intelligence enough to fairly narrate the facts, and understandings the evil of lying, and the fact that such wrongdoing is punishable. Under Sec. 1771 of Mr. Branch's Annotated P. C. appears the statement that the fact that a child's testimony is intelligently given and that it believes that it is wrong to lie, seems to commend it competency more than its knowledge of an obligation of an oath, or its idea of where liars go now or hereafter. In the same section appear citation of several authorities supporting the proposition that the admission of a child's evidence is properly within the sound discretion of the trial court. McCormick v. State, 52 Texas Crim. Rep. 495; Zunago v. State, 63 Texas Crim. Rep. 64; Brown v. State, 176 S. W. Rep. 51. We regret that we cannot agree with appellant in this contention. Our observation of the testimony of this little girl leads us to conclude that she was unusually intelligent and told her story in straightforward, clear and understanding language.

Appellant also insists that we misunderstood his bill of exceptions complaining of the court's treatment of the alleged hearsay statement of a witness. It appears that the witness was testifying and narrating various facts and made the statement complained of. There was no objection to the question asked the witness, and no objection to the testimony now complained of until after the statement had been made by the witness. There seems not to have been any further injurious reference to this matter either in the argument or otherwise, and the only complaint is of the statement of the witness. The court qualifies the bill of exceptions by saying that the witness voluntarily made the statement and that objection was received, but no request was made to have the court withdraw said remarks from the consideration of the jury. Under the facts thus stated we are unable to conclude that the matter presents any reversible error. The statement was not one particularly germane to the question of appellant's guilt or innocence; it consisted of a statement regarding sugar bought by another party, and what was then said. The matter was stated by the witness as part of his narration of the circumstances. No request was made that it be withdrawn. No further hurtful use of the matter appears. We are unable to agree with appellant's contention in regard to this matter.

The motion for rehearing will be overruled.

*Overruled.*