Frank Joseph ALBERTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43002.

Court of Criminal Appeals of Texas.

July 15, 1970.

Rehearing Denied Oct. 14, 1970.

84

Robert B. Billings, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is fondling; the punishment, 12 years.

The record reflects that the complaining witness, an eleven year old girl, was nine years of age at the time of the offense. The evidence is sufficient to support the conviction and it would serve no useful purpose to set forth the facts and circumstances surrounding this case.

Appellant's first ground of error complains that the trial court erred in denying his motion to quash the indictment on the ground that Article 535d Vernon's Ann. P.C. is unconstitutional.

This court has held that the statute in question sufficiently defines and creates an offense; provides for a definite minimum penalty and is capable of reasonable interpretation. Fuentes v. State, 163 Tex.Cr.R. 410, 292 S.W.2d 117; Studer v. State, 159 Tex.Cr.R. 598, 265 S.W.2d 833. The allegations contained in the indictment substantially follow the statute and sufficiently apprise the appellant of the acts he is charged with committing and of the offense with which he is charged. Reagan v. State, Tex.Cr.App., 423 S.W.2d 335.

Appellant's first ground of error is overruled.

Appellant's second ground of error complains that the trial court erred in overruling his motion in the nature of a plea in bar by reason of a former conviction arising out of the same transaction.

The record shows that appellant's first conviction was vacated when the court granted his motion for a new trial.

There is nothing in the record to support the contention that the second trial was barred by virtue of the double jeopardy provision of Article I, Section 14, Texas Constitution, Vernon's Ann.St.

Ground of error No. 2 is overruled.

Appellant's third, fourth and fifth grounds of error are not supported by the record and it would serve no purpose for this court to discuss the matters contained therein.

Grounds of error Nos. 6 and 7 complain that the trial court erred in overruling his motion for instructed verdict. It is appellant's contention that the complaining witness was an accomplice witness as a matter of law, and in the absence of evidence corroborating her testimony, the conviction cannot stand.

The rule applicable is:

"If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years voluntarily participated in the criminal act, or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness."

Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727; Olsen v. State, Tex.Cr.App., 424 S.W.2d 449.

In the present case, the trial court properly instructed the jury with regard to such rule of law, and the jury resolved the issue in favor of the state.

Grounds of error Nos. 6 and 7 are overruled.

Ground of error No. 8 complains of the overruling of his motion for continuance because of the following:

"The case began on January 29, 1968. Then the case was continued to January 31, 1968, with Judge Joe E. Brown presiding, and taken up again with Judge Latham presiding. Defendant objected to continuing the case under a different judge and moved for a continuance on that basis and on the further basis that because of the delay some of his witnesses had scattered."

Honorable Steve Latham, Judge of the 66th Judicial District of Texas, was properly assigned to Criminal District Court No. 3 of Dallas County beginning February 1, 1968. Honorable Joe E. Brown was the regular Judge of said Criminal District Court of Dallas County. After a two day delay, Judge Latham presided for one day in place of Judge Brown who had become ill, after which Judge Brown returned and presided over the remainder of the trial.

In the absence of any showing of injury or abuse of discretion, we find no error in the overruling of the motion for continuance.

The judgment is affirmed.