## BOBBIE BOYTE V. STATE

No. 27,121. October 27, 1954

*J. C. Jacobs,* Corsicana, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of whisky and wine in a dry area for the purpose of sale; the punishment, a fine of $100.00.

The sole question presented for review is the sufficiency of the evidence to support the conviction.

Constable Norton testified that on the morning in question he was parked some distance from the appellant's home watching her house, that her 8-year-old son came out of the back door and proceeded toward a ravine in the direction of his automobile, and that when the boy got approximately 100 yards from the house he picked up two bottles of liquor that were covered with grass and started back towards the house. Norton stated that he called to the boy and that when he did so the boy hollered, "Mama, Mama" and ran towards the house but dropped one of the bottles on his way; that he followed the boy into the house, and as he entered the appellant broke a bottle; that he recovered the neck of the bottle from the appellant; and that it smelled of wine. Norton testified further that he retraced his steps, found a pint of whisky where the boy had dropped it, and further on, within a few feet of where he had seen the boy pick up the bottles, he found two 4/5-quart bottles of wine which were of the same shape and had the same seal as the bottle neck that he had taken from the appellant. The constable admitted that one Honea, who lived across the road from the appellant, had been arrested several times in connection with whisky found off his premises.

The appellant offered the witness Jones, who stated that he was at the appellant's home at the time of the constable's visit, that he had not come to buy whisky or wine but had come there to see if one Sanders wanted a job.

The appellant, testifying in her own behalf, denied that she or her husband exercised any control over the ravine where the wine was found and denied having ever seen the whisky or wine before. She stated she heard her son calling "Mama, Mama, the constable is coming" and that she took the bottle from him as he entered and broke it over the stove. She explained her conduct by saying that she had been arrested on four prior occasions for possessing wine or whisky and that she did not want to incur any further expense of lawyer's fees.

Appellant's attorney in an able brief cites a number of decisions of this court in which we have held that the evidence is insufficient to support the conviction. We have reviewed them but remained convinced that they are distinguishable on the facts from the case at bar.

We think the jury were authorized from the above facts to conclude that the appellant was exercising control over the

wine and whisky in the ravine and that she had sent her son for some of it so that she might deliver it to the witness Jones.

The court charged the jury on the law of circumstantial evidence, and we conclude that the evidence is sufficient to support their verdict.

The judgment of the trial court is affirmed.