GILBERT FUENTES V. STATE

No. 28,421. June 30, 1956.

*Andres Hernandez, Jr.,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Elbert Hooper, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant waived trial by jury, entered a plea of guilty before the court to the offense of indecent fondling of a child's sexual parts, and his punishment was assessed at seventeen years in the penitentiary.

The state's testimony shows that a boy, age 8 at the time of the trial, was sent by his mother on an errand, and while gone he met the appellant. After they met, the appellant bought and drank some beer and purchased five soft drinks for the boy. Shortly thereafter they went under a bridge where the appellant kissed the boy, played with his penis, and did or attempted to commit an act of sodomy on the boy, and during this time gave him a dollar and told him not to tell of his conduct. A policeman was notified and he went immediately to the bridge.

Officer Gaffney testified that upon his arrival under the bridge he saw the appellant taking indecent liberties with the boy while on top of him on the ground, that as he approached them the boy said, "Police," shook himself loose from the appellant and then stated, "He made me do it," and that the appellant offered him (Officer Gaffney) $10 to turn him loose. The officer further testified that he took the boy to his mother and gave her a dollar that the boy had with him at the bridge.

Appellant testified that he had been drinking beer the day before his arrest on this charge and because of his intoxication he didn't remember anything on the day in question after he left home in the morning. The appellant's testimony and that of other witnesses offered by him shows that he was drunk. He denied offering Officer Gaffney $10 to release him at the time of his arrest, but stated that he did offer him $10 at the jail which was the customary amount in order to get released on a drunken charge.

Appellant challenges the validity of Art. 535d, Vernon's Ann. P.C., on the ground that it does not define in plain language an offense in that it fails to state whether the male or female mentioned therein is a human being.

The object and purpose of a statute may be determined by the consideration of all its provisions. 39 Tex. Jur. 216, Sec. 116. The statute here under attack provides in part that it shall be unlawful for any person with lascivious intent to intentionally fondle the breast of a female. Further, it provides that it shall not apply when the persons are married. Also, the emergency clause states that the punishment then provided for the molestation of minors was inadequate.

The use of the words "breast," "persons," "married," and "minors" and the general context of this statute shows that the legislature intended to make unlawful certain conduct by persons toward other persons under the age of fourteen years. 39 Tex. Jur. 176, Sec. 93. In considering Art. 535d, Vernon's Ann. P.C., we said in Jones v. State, 156 Tex. Cr. R. 2, 238 S.W. 2d 529:

"We think it clear that the legislature intended by this statute to make punishable the fondling of the sexual part of a child under 14 with a lewd or immoral intent on the part of the accused to indulge in lust or sexual impurity."

We conclude that the statute sufficiently defines and creates an offense.

Appellant contends that the offense here charged cannot be sustained on the ground that the state's testimony shows that the intent of the appellant was to commit an act of sodomy instead of the offense of indecent fondling.

There is an abundance of testimony affirmatively showing the fondling with lascivious intent of the boy's penis by the appellant. The fact that the testimony relied upon by the state to show indecent fondling of a child's sexual parts also developed facts which constitute another independent crime does not prevent the conviction for the offense on trial. Hence the contention is overruled. 12 Tex. Jur. 560, Sec. 241; Mimms v. State, 145 Tex. Cr. R. 456, 169 S.W. 2d 165; Ward v. State, 148 Tex. Cr. R. 186, 185 S.W. 2d 577.

It is insisted that from all the facts and circumstances surrounding the commission of the offense here charged that the appellant was assessed a punishment which was unusual, cruel, and excessive in view of his voluntary recent use of intoxicating liquor to the extent that he was temporarily insane, there being no showing of injury to the boy, and the maximum penalty for

the offense of sodomy being fifteen years whereas the maximum penalty for the offense of indecent fondling is twenty-five years.

Appellant waived his right of trial by jury and consented for the court to hear, consider, and assess the punishment. The record shows that after he entered his plea of guilty, he was then admonished by the court as to the nature and consequences of such plea before it was accepted. The extent of the punishment to be assessed so long as within the statute rests solely with the trial court. The punishment assessed was within the limits authorized by law. Under the facts we perceive no error in the amount of punishment assessed. 12 Tex. Jur. 802, Sec. 409; White v. State, 154 Tex. Cr. R. 498, 228 S.W. 2d 183.

We find the evidence sufficient to sustain the conviction. No reversible error appearing the judgment is affirmed.

Opinion approved by the Court.