## WILLIS GRIGSBY V. STATE

No. 28,734. February 13, 1957.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of policy paraphernalia as denounced by Section 2 of Article 642c, V.A.P.C.; the punishment, 90 days in jail.

Officers Page and Bell testified that they were in the neighborhood of 5307 Lyons Avenue on the day in question on another mission and saw the appellant seated inside the window of a house at such address writing in a book, that they presented themselves at the door, secured permission of Mrs. Phillips, who lived at such address, to enter and there observed the appellant lay down a book on the table before him. This table was covered with policy books for the B. & T. and L. & O. games, "hit slips" and money. The appellant was arrested, and the contents of the table were introduced in evidence.

The appellant did not testify or offer any evidence in his own behalf except a certain document which would indicate that he resided at 2213 Jensen Drive.

Only two questions are presented for review.

It is contended that officer Bell's qualifications as an expert on policy were not shown so as to authorize him to explain the game to the jury and identify the exhibits as "paraphernalia designed and adapted for use in connection with a policy game."

Bell testified that he had been employed for seven years on the vice squad, that at the time he was so employed his superior officers explained to him how a policy game was played, that during those seven years he had worked on approximately 200 cases involving policy and had talked to a number of persons whom he had arrested in connection with policy about the game.

We have concluded that his qualifications have been amply shown.

It is next contended that the evidence is insufficient to sustain this conviction because it was not shown that the named policy games were actually in operation in Houston at the time the appellant was arrested.

We have been cited no authorities in support of this contention and know of none. It would appear from an examination of the statute in question that the legislature did not contemplate that such proof was requisite to a conviction in a case such as the one before us here.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.