## MARY ALICE GRIFFEY V. STATE.

No. 30,777. June 10, 1959.
Motion for Rehearing Overruled October 14, 1959.

*John Cutler,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., David A. Gibson,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant Mary Alice Griffey and her husband, James L. Griffey, were jointly charged with the offense of unlawfully possessing policy paraphernalia.

Upon a joint trial before the court without a jury, the husband was acquitted and the appellant convicted with her punishment assessed at a fine of $500.

The evidence shows that the appellant and her husband lived at 10226 Hazelhurst Street in the city of Houston with

their four children whose ages ranged from 8 months to 9 years. On the date alleged, certain officers, armed with a search warrant, went to the address to search for gambling paraphernalia. When the officers arrived appellant and some of the children were in the house and a colored man was outside in the garage. After exhibiting the search warrant to appellant the officers entered the house and proceeded to search. In the search the officers found a rate sheet on a table in the bedroom and behind a couch in the living room found a locked leather zipper bag that contained 47 policy books from the R & O Big Time Policy Co. It was shown that each of the policy books contained policy plays which were designed and adaptable for use in connection with a policy game. It was further shown that appellant and her husband had lived at the address for about a year and rented from the wife of appellant's brother-in-law, Ira P. Gunn, in whose name some of the utilities were carried.

Appellant did not testify but after the court had found her husband not guilty at the close of the state's case, she called her husband as a witness and he denied any knowledge of the presence of the zipper bag or its contents in the home.

We shall discuss the contentions urged by appellant in her brief and in oral argument.

Appellant first insists that the court erred in refusing to grant a severance in the case and permit the two co-defendants to be tried separately. By the express provisions of Sec. 7 of Art. 642c, V.A.P.C., two or more persons may be jointly indicted and tried for violation of any of the provisions of the gaming statutes relating to policy. This provision of the statute was upheld in Sinclair v. State, 159 Texas Cr. Rep. 35, 261 S.W. 2d 167, certiorari denied, 74 Sup. Ct. 20, 346 U.S. 830, 98 L. Ed. 354.

Appellant next insists that the court erred in admitting evidence, over her numerous objections, of the search of the premises and the fruits thereof, because the search warrant and affidavit therefor were insufficient to authorize a search of the premises.

It is first contended that the affidavit was insufficient because it stated that the premises to be searched were "occupied by a white male, and others whose names, identities and descriptions are unknown to the affiants" and at the trial one of the affiants, while testifying as a witness for the state, admitted

that prior to executing the affidavit he had seen the appellant at the premises. It is well settled that a trial court may not go behind the affidavit for a search warrant to determine the falsity of facts stated therein in order to invalidate a search warrant valid upon its face. The affiant's testimony given at the trial could not destroy or invalidate the affidavit and search warrant. Hernandez v. State, 158 Texas Cr. Rep. 296, 255 S.W. 2d 219, and Johnson v. State, 163 Texas Cr. Rep. 101, 289 S.W. 2d 249.

It is next contended that tht affidavit was insufficient because the affiants failed to state that they did believe or had reason to believe that the facts stated therein were true. An examination of the affidavit reflects that the affiants swore, in addition to stating that they had reliable information from a credible person that the person occupying the premises was keeping and exhibiting paraphernalia for the purpose of operating a policy game, that the place sought to be searched was a place where betting, wagering and gaming with cards, dice wheels and machines were being conducted. From the recitations in the affidavit it clearly appears that the affiants stated under oath that they did believe or had reason to believe that the facts stated therein were true.

It is further contended by appellant that the law does not authorize the issuance of a search warrant to search a private residence for policy paraphernalia which is defined to be illegal under Sec. 2 of Art. 642c, Vernon's Ann. P.C. We find no merit in the contention. In Cagle v. State, 147 Texas Cr. Rep. 354, 180 S.W. 2d 928, it was held that a warrant to search for implements used in keeping a policy game was authorized under both the general statutes, Arts. 304, 305, and 312, V.A.C.C.P., authorizing the issuance of warrants to search for implements used in commission of offenses generally and under Art. 633, V.A.P.C., of the gaming statutes authorizing the issuance of a warrant to search for gambling paraphernalia.

Appellant insists that the court erred in permitting Officer Cubstead to testify that the articles found in the zipper bag were designed and adaptable for use in connection with a policy game over the objection that he was not shown to be an expert. The officer testified that he had been employed with the vice-squad for eleven months, was familiar with the game of policy and how it was played and that he had received instructions and talked to policy writers and players on how the game was played. On the question of the witness' qualification as an ex-

pert, appellant's counsel testified as a witness with reference to the game of policy and gave testimony which was in some respects at variance to the testimony given by Officer Cubstead. Under the record, we would not be authorized to hold as a matter of law that the officer was not qualified as an expert and that the trial court abused his discretion in permitting him to testify. Grigsby v. State, 164 Texas Cr. Rep. 248, 298 S.W. 2d 595.

Appellant's last contention is that the evidence is insufficient to sustain her conviction because there was no proof that she exercised any control or management over the zipper bag and its contents found in the home. Appellant relies upon Boyte v. State 160 Texas Cr. Rep. 421, 272 S.W. 2d 101, and other cases involving liquor law violations which hold that in the prosecution of a wife for unlawfully possessing liquor found in the home in which she and her husband reside, proof of her mere presence in the home where the liquor is found is insufficient to convict in the absence of a showing that she exercised any control or management over the liquor. The rule followed in the liquor cases cited by appellant is based upon the fact that the husband is head of the household and is in possession and control of the house and articles found therein. In the present case the appellant's husband testified that he had no knowledge of the zipper bag or its contents found in the home. His testimony was sufficient to disprove any outstanding hypothesis that he possessed the bag and contents. Shawhart v. State, 165 Texas Cr. Rep. 127, 303 S.W. 2d 792. The evidence showing the presence of the bag behind the couch in the living room of the house where appellant and her husband had lived for a year was sufficient to warrant the trial court in finding that appellant possessed the policy plays contained therein.

The judgment is affirmed.

Opinion approved by the Court.