A. L. Lowery, Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $100.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

On Appellant's Motion for Rehearing

WOODLEY, Presiding Judge.

The facts adduced at the hearing on appellant's motion for new trial are now before us. We are asked to consider such facts in connection with appellant's brief.

 The contention is that the county court was without jurisdiction to try appellant because he had been previously convicted of the misdemeanor offense of driving while intoxicated, in Smith County, and under Art. 802b Vernon's Ann.P.C. it was mandatory that a subsequent offense of driving while intoxicated be prosecuted by indictment in a court having jurisdiction of felony offenses.

Winfrey v. Chandler, Tex., 318 S.W.2d 59, cited and relied upon, does not support appellant's contention. The Supreme Court found it unnecessary to decide the question.

This Court held in Coker v. State, 158 Tex.Cr.R. 141, 253 S.W.2d 668, that the information which contained no allegation of a prior conviction charged the misdemeanor offense of driving while intoxicated, over which the county court had jurisdiction.

We held in McKenzie v. State, 159 Tex. Cr.R. 345, 263 S.W.2d 562, that the misdemeanor offense of driving while intoxicated is an offense included within the allegations of an indictment for the felony offense of driving while intoxicated, subsequent offense.

■ It is well settled that an accused cannot complain that he was charged, tried or convicted for a lesser included offense rather than the higher or greater offense. See Grimes v. State, 71 Tex.Cr.R. 614, 160 S.W. 689; Heard v. State, 160 Tex.Cr.R. 88, 267 S.W.2d 150; Saenz v. State, 161 Tex.Cr.R. 145, 275 S.W.2d 497; Carr v. State, 158 Tex.Cr.R. 337, 255 S.W.2d 870.

Appellant's contention is without merit for the further reason that his conviction in Smith County did not occur until after the Angelina County offense here charged had been committed.

Appellant's motion for rehearing is overruled.

Jack Leon GRIFFEY, Appellant,

v.

STATE of Texas, Appellee.

No. 32585.

Court of Criminal Appeals of Texas.

Jan. 11, 1961.

John Cutler, Houston, for appellant.

Dan Walton, Dist. Atty., Carl E. F. Dally, James M. Shatto, Asst. Dist. Attys.,

Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The indictment alleged that appellant did in Harris County "unlawfully keep and exhibit for the purpose of gaming, a policy game." Trial before a jury resulted in a verdict finding appellant guilty and assessing his punishment at 4 years in the penitentiary.

The prosecution was under Art. 642c, Sec. 1, V.A.P.C., which reads: "Any person who shall directly, or as agent, servant, or employee for another, or through any agent, servant, employee, or other person, keep or exhibit for the purpose of gaming, any policy game, shall be guilty of a felony and upon conviction shall be punished by confinement in the State penitentiary for any term of years not less than two (2) nor more than four (4)."

Appellant was arrested in Brazoria County following an exchange of packages with Lloyd Greer and Archie Nash. The package received by appellant, and found in the automobile in which he was riding alone, contained policy slips including plays made by two officers with the "writer" Jud Sherman such as the evidence shows were turned over to the field man when the books are closed and by the field man passed to the owner or operator of a policy game.

The packages delivered by appellant to Greer and Nash were similar slips that "generally go back down the same line, through the field man, the pick up man to the writer and back to the player" in a policy game, including the winning numbers, report sheets pertaining to different books, all relating to and concerning policy plays of the previous day.

That the transaction witnessed by the officers in Brazoria County was a "switch" between appellant as the owner or operator of the policy game kept and exhibited in Harris County and Lloyd Greer and Archie Nash, as field man and pick up man, is fur-

ther shown by the testimony of the officers who for several days had observed Harry Sanders; saw him meet Lloyd Greer and give him a small paper sack; saw him meet Archie Nash and receive from Nash a small paper sack; followed Lloyd Greer into Brazoria County and saw him meet a white man driving the same car appellant was driving when arrested, and saw Greer pass a package to the white man and the white man pass a package back to Lloyd Greer; the next day saw a similar meeting and exchange of packages between Greer and a white man a mile and a half down the road from the meeting place the day before; followed Greer back to Houston and saw him meet Archie Nash and Harry Sanders; followed Sanders to a house which he entered with a small roll of paper in his hand, and from which he returned in a few minutes empty handed; went into the house which Sanders had entered and obtained his policy slips and checked a play with R and O and with South Policy, which the officer had placed earlier in the day with Jud Sherman.

A distinguishing feature of a policy game is that there must be a series of segregated acts which, taken together, comprise and make up the complete game. Sinclair v. State, 159 Tex.Cr.R. 35, 261 S.W.2d 167, 171.

The evidence is sufficient to show that appellant did keep and exhibit a policy game. Whether he did so as the owner or as an agent or employee of the owner is not controlling. Chamberland v. State, Tex. Cr.App., 338 S.W.2d 726.

That the "switch" was made in another county does not defeat venue in Harris County. The evidence shows that some essential ingredients of the offense, that is some of the segregated acts which taken together comprise and make up the completed game of policy, were committed in Harris County. This was sufficient to prove the allegation that appellant kept and exhibited a policy game in Harris County. 18 Tex.Jur. p. 461, Sec. 339.

The court charged on circumstantial evidence. We overrule the contention that the evidence relating to the acts of Greer, Nash, Sanders and Sherman in appellant's absence were inadmissible. They were acting together in the keeping and exhibiting of the policy game and were conspirators. Sinclair v. State, 159 Tex.Cr. R. 35, 261 S.W.2d 167.

We find the evidence, viewed in the light most favorable to the State, sufficient to sustain the conviction.

Appellant complains of the overruling of his plea of former conviction, based upon his conviction upon a plea of guilty to an information presented in the County Court of Brazoria County, Texas, alleging that he kept and had on his person a policy slip.

Evidence relating to the plea was introduced before the jury and the issue submitted in the court's charge and resolved against appellant. We find no error. Tutt v. State, Tex.Cr.App., 29 S.W. 268. We express no opinion as to whether possession of a policy slip is a lesser included offense in an indictment charging the keeping and exhibiting for the purpose of gaming, a policy game.

Some 13 paragraphs complained of the charge because it authorized a conviction of various misdemeanor offenses defined in Section 2 of Art. 642c, V.A.P.C., whereas the charge appearing in the transcript submitted only the felony offense defined in Section 1 of said act; that is the keeping and exhibiting for the purpose of gaming, a policy game.

If, however, the objections were leveled at the charge as tendered to counsel for his objections and as it was read to the jury, appellant's rights appear to have been amply protected, and we find no error which would call for reversal.

The judgment is affirmed.

McDONALD, J., not participating.