# JAMES GRIFFEY V. STATE

No. 33,025. April 5, 1961

WOODLEY, Presiding Judge, absent.

*William T. Moore*, Bryan, *John C. Cutler* and *Roy H. Bray* (on appeal only), Houston, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge

Upon a trial before the court without a jury, appellant was convicted of unlawfully possessing policy paraphernalia, and his punishment assessed at 30 days in jail and a fine of $500.

Officers, armed with a search warrant, went to a certain house in the city of Bryan to search for gambling equipment. Upon being admitted inside by appellant, the officers proceeded to search the house and found various articles of policy parapher-nalia therein. It was shown that at the time of the search the house was under lease to the appellant.

Appellant objected to the evidence offered by the state of the search on the ground that the search warrant was invalid for various reasons.

Appellant's first contention on appeal is that the affidavit for

the search warrant and warrant itself are both fatally defective because of the uncertainty of the party alleged to be in charge of and in control of the premises to be searched.

The affidavit, which by reference was made a part of the search warrant, described the premises as

"* * * a certain place in Brazos County, Texas; described as the third white frame house on the right side of the road, beyond Adams Store, 4308 Highway 6, North, going north on Highway 6, north from Bryan, Texas, and being the premises under the control of and in charge of a Mrs. Gunn, or others, whose address and identity are unknown * * * ."

The warrant to search for gambling paraphernalia was authorized under Title 6 of Vernon's Ann. C.C.P. and Art. 633, V. A.P.C. Cagle v. State, 147 Tex. Cr. R. 354, 180 S.W. 2d 928.

In Cagle v. State, supra, a similar affidavit and warrant was held sufficient under the statutes to authorize a search for gambling paraphernalia.

We are unable to agree with appellant that the use of the word "or" in the affidavit rendered the same uncertain and meaningless under the rule generally applied to the use of the term "and/or" in a legal instrument.

It is next contended that the affidavit for the search warrant did not allege sufficient facts to establish probable cause for the issuance of the search warrant. In the affidavit, the affiant swore that the house in question

"* * * is a place where implements are kept for the purpose of aiding in the commission of offenses as defined by the Penal Code of the State of Texas, to wit: the establishment and operation of a lottery, to-wit: Keno Cards and other paraphernalia."

Such was sufficient statement under oath to authorize issuance of the warrant. Cagle v. State, supra, and Griffey v. State, 168 Tex. Cr. R. 338, 327 S.W. 2d 585.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.