LESTER RAY LEWIS V. STATE

No. 33,366. May 3, 1961
Motion for Rehearing Overruled June 7, 1961

232

*Dalford Todd*, and *Robert C. Benavides*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Robert Power*, *William F. Alexander*, *Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is indecent exposure to a child, as defined in Art. 535c, V.A.P.C.; the punishment, twelve years.

The prosecutrix, five years of age, lived with her parents across the street from the home of appellant. The prosecutrix testified that, on the afternoon in question while she and her playmate, Corky, were playing in the driveway at appellant's home, the appellant, who was working on his motorcycle, took them in the house, gave them a cookie, and then took her into the bathroom and closed the door. She stated that she then got up on the toilet and appellant proceeded to take off her panties; that appellant then pulled down his pants, took her off the toilet, "mixed his tee tee" with hers, rubbed his "tee tee" against hers, and then wiped between her legs with a towel. The prosecutrix testified that, on such occasion, she saw the appellant's private parts. She further testified that, after such acts, she went outside to her mother and told her something. The testimony shows that, after talking with her daughter, the mother then called her husband and the police. Soon thereafter the police arrived and placed appellant under arrest.

The state's proof shows that, later in the evening, the prosecutrix was examined by a physician which examination revealed

irritation just inside the labia majora, which the physician testified could have been caused from a rubbing of the area.

Following his arrest and after being duly warned, appellant made and signed a written confession which was introduced in evidence by the state.

The confession, omitting certain portions thereof, reads:

"Today, May 12, 1960, I got off work about 10:00 a.m. and got home about 2:15 p.m. I started to work on my motorcycle. About 3:00 or 3:15 p.m. I went into the garage to take a leak. A little girl and a little boy by the name of Corky came into the garage. Corky went on outside and the little girl came over to me and asked me what my penis was. I told her that it was what I peed with. She said that hers was different. I told her I knew it was different. I then picked her up and stood her on a nail keg and she pulled up her dress and pulled her pants down. I then took my penis and rubbed it between her legs and on her privates till I kicked off. I set her down and she went outside and I went back to working on my motorcycle."

Testifying as a witness in his own behalf, appellant denied molesting the prosecutrix in any manner on the afternoon in question and repudiated that portion of his written statement in which he admitted his acts and conduct with her on such occasion. Appellant also testified in substance that he signed the statement because of certain representations which were made to him by the officer to whom the confession was made.

Certain character witnesses were called by appellant who attested his good reputation for truth and veracity and for being a peaceable and law-abiding citizen.

The court submitted to the jury in his charge the issue as to the voluntary nature of appellant's written confession.

Appellant predicates his appeal upon two grounds.

It is first contended that the court erred in holding the prosecutrix competent to testify as a witness in the case. Appellant insists that, under the facts presented, the court abused his judicial discretion in permitting the prosecutrix to testify because it was not shown that she possessed sufficient intellect to relate

the transaction and understand the obligation of an oath as required by Art. 708, V.A.C.C.P.

The prosecutrix, before being permitted to testify, was fully examined by counsel under the court's direction with reference to her understanding of the obligation of an oath. Upon such examination, she stated that she knew it was wrong to tell a lie and that "the devil gets you" when you tell a story. Her testimony shows that she was intelligent for her age and that she understood she would be punished if she did not tell the truth. A reading of her testimony reflects that she intelligently related the transaction about which she was interrogated. Under the record, the court did not abuse his discretion in permitting her to testify. See: Studer v. State, 159 Tex. Cr. R. 598, 265 S.W. 2d 833 and Hines v. State, 160 Tex. Cr. R. 284, 268 S.W. 2d 459.

Appellant's remaining contention is that the evidence is insufficient to support the conviciton for three reasons.

It is first contended that there is a lack of proof that appellant knowingly and intentionally exposed his private parts to the prosecutrix as charged in the indictment. We find no merit in this contention as the testimony of the prosecutrix is sufficient to sustain the allegations of the indictment. The fact that in his confession which the State introduced in evidence appellant stated that he went into the garage to "take a leak" and, therefore, did not intend to expose himself, did not constitute a defense to his subsequent acts. Furthermore, appellant in his testimony denied that such statement in the confession was true.

Appellant next insists that the evidence is insufficient because he stands convicted solely upon his confession which was not corroborated. The testimony of the prosecutrix alone is sufficient to sustain the conviction. Furthermore, her testimony, as to his acts of familiarity with her person, is sufficient to corroborate appellant's written confession and sustain the jury's verdict finding him guilty. Fruechte v. State, 166 Tex. Cr. R. 496, 316 S.W. 2d 418.

Appellant's remaining contention is that there is a fatal variance between the pleadings and proof in that the indictment charged the offense of indecent exposure to the prosecutrix and the proof showed statutory rape upon her. We do not agree that the evidence shows statutory rape upon the prosecturix. However, if such were shown it would not render the evidence in-

sufficient to sustain the conviction for the offense charged. Under the doctrine of carving, the state may carve and prosecute for any offense it may elect which grows out of the same transaction. 1 Branch's Ann. P. C. 2nd Ed. 625, sec. 654; Martinez v. State, 165 Tex. Cr. R. 244, 306 S.W. 2d 131. The fact that testimony relied upon by the state to show the offense charged against an accused also develops facts which constitute another independent crime does not prevent a conviction for the offense on trial. Fuentes v. State, 163 Tex. Cr. R. 410, 292 S.W. 2d 117.

The judgment is affirmed.

Opinion approved by the Court.