Ethel Lee JEFFERSON and Debora Johnson,
Appellants,

v.

The STATE of Texas, Appellee.

No. 34845.

Court of Criminal Appeals of Texas.

Oct. 24, 1962.

Rehearing Denied Jan. 2, 1963.

Second Rehearing Denied Feb. 13, 1963.

John Cutler, Houston, Pepper & Goldgar, Houston (on rehearing), for appellants.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is keeping and exhibiting a policy game; the punishment, two years in the penitentiary against each appellant.

Officer Driskell of the Houston vice squad testified that on the day in question, while armed with a search warrant, he and his fellow officer entered a certain dwelling house in the city and there found the two appellants seated at a table, and spread out before them on the table and in a box on the floor between them he saw certain policy

books, slips and a sum of money. Also in the room, but not seated at the table, were eight colored men, a Latin American, and a colored woman. He stated that appellants were charged with the felony offense of keeping and exhibiting a policy game, while a majority of the others present were charged with possession of policy paraphernalia. The witness qualified as an expert on policy and stated that only the "writers," such as appellants, ever exhibited the game to the public.

The written confession of appellant Johnson was introduced without objection in which she stated that she and appellant Jefferson were writing policy for three different companies on the day of the raid and that at such time she had written eight or ten dollars in each of two policy books and that she had paid out approximately two dollars to those who had won on the previous day's drawing.

Appellant Jefferson, testifying in her own behalf, admitted that she was writing policy on the day of the raid but stated that she was working on a salary for a regular writer who had hired her to help him. She stated that it was her function as a writer to take bets and pay off wins up to ten dollars. She explained that the "field man" in the game paid off larger wins. She also testified that appellant Johnson was seated at the table with her and was writing for another policy company.

■ It is appellants' primary contention that the evidence is insufficient to support this conviction as a felony under Section 1 of Article 642c, Vernon's Ann.P.C. They readily admit their guilt of the misdemeanor offense of accepting bets upon a policy game, denounced by Section 2 of said Act. They recognize the holding of this Court in Sinclair et al. v. State, 159 Tex.Cr.R. 35, 261 S.W.2d 167, but contend, and we quote from their brief, as follows:

"That the application of Art. 642c of the Texas Penal Code and its interpretation of the present decisions of this Court is left up to the arresting officer of the District Attorney's Office and/or the Grand Jury. The interpretation of what offenses are felonies and what offenses are misdemeanors is entirely left up to the prosecuting attorney and/or the Grand Jury. Said officials may either file a felony or a misdemeanor on the same evidence."

■ The rule is well settled that "the fact that testimony relied upon by the State to show the offense charged against an accused also develops facts which constitute another independent crime does not prevent a conviction for the offense on trial." Lewis v. State, Tex.Cr.App., 346 S.W.2d 608, and Fuentes v. State, 163 Tex.Cr.R. 410, 292 S.W.2d 117.

Appellant next contends that the offense denounced in Section 2 of said Act is not a lesser included offense of the felony offense denounced by Section 1 and asserts that the court erred in failing to instruct the jury to acquit them if they found that they were only guilty of the misdemeanor offense denounced by Section 2. In response to such objection, the court amended his charge and instructed the jury that if they did not find the defendants guilty of keeping and exhibiting a policy game they should next consider whether or not the defendants were guilty of a misdemeanor as denounced by Section 2 and set forth the requisite elements thereof.

Appellants point to the fact that in Griffey v. State, Tex.Cr.App., 342 S.W.2d 582, we declined to pass upon the question of whether the possession of a policy *slip* is a lesser included offense in an indictment charging the keeping and exhibiting a policy game. We see no occasion to do so at this time because appellants were shown to be in possession of policy *books* and actually engaged in writing policy plays *for the company*.

We find the evidence sufficient to support the conviction for exhibiting for the purpose of gaming a policy game.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANTS' MOTION FOR REHEARING

DICE, Commissioner.

In their motion for rehearing, appellants urge as reversible error the court's action in permitting Officer Driskell to testify, over objection, that in the game of policy it is the writer who does the actual exhibiting to the public, it being appellants' contention that such testimony of the officer was tantamount to a legal conclusion and invaded the province of the jury.

■■ Officer Driskell, as stated in our original opinion, was shown to be qualified as an expert on policy. Under the holdings of this court, an officer whose qualifications as an expert on policy are shown may testify as such and explain the game to the jury. Grigsby v. State, 164 Tex.Cr.R. 248, 298 S.W.2d 595, and Griffey v. State, 168 Tex.Cr.R. 338, 327 S.W.2d 585. Officer Driskell, as an expert, was qualified to explain the game of policy to the jury. We are unable to agree that his statement to the jury that only the writers exhibited the game to the public constituted a legal conclusion. Such was nothing more than a statement of fact and inference by the officer, based upon his knowledge of the game of policy as an expert. Nor do we agree that his testimony constituted an invasion of the province of the jury. In the relatively recent case of Cordero v. State, 164 Tex.Cr. R. 160, 297 S.W.2d 174, this court, in discussing a similar question, quoted the rule as stated by Judge James R. Norvell in his article "Invasion of the Province of the Jury," in 31 Texas Law Review, p. 731, as follows:

" 'The rule supported by the later American authorities is in substantial accord and may be stated as follows:

" 'A witness in testifying as to what he has perceived may employ inferences and state all relevant inferences, including those embracing ultimate fact issues to be decided by the trier of fact, provided he possesses a special knowledge, skill or experience not possessed by the trier of fact, which places him in a better position to draw the inference than is the trier of fact, or if the witness may more adequately and accurately communicate what he has perceived to the trier of fact by testifying in terms of inference or by stating inferences, and his use of such inferences in testifying will not be likely to mislead the trier of fact to the prejudice of the objecting party.' "

Clearly, in the instant case, Officer Driskell was possessed with more knowledge of the game of policy than the jurors in the case and his testimony could not have misled the jury to the prejudice of appellant.

■ It is further contended by appellants that the court erred in refusing to declare a mistrial when Officer Driskell, while being questioned on direct examination concerning his knowledge that appellants had picked up some bets for another writer, stated:

"The defendants told me they had been dropped off * * *."

The record reflects that no objection was made by appellants until after the question was asked and answered by the witness, when their counsel stated:

"We object and at this time we ask for a mistrial."

Thereupon, the question was withdrawn by state's counsel and the jury was instructed by the court not to consider the question and answer for any purpose whatsoever. Under the record, we perceive no reversible error in the bill.

Remaining convinced that a proper disposition was made of the case upon original submission, the motion for rehearing is overruled.

Opinion approved by the court.