James W. NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 37288.

Court of Criminal Appeals of Texas.

Nov. 25, 1964.

Rehearing Denied Jan. 20, 1965.

Second Motion for Rehearing Denied March 3, 1965.

Mac L. Bennett, Jr., W. T. Bennett, Huntsville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted of wilfully killing one head of cattle of over the value of $50 by shooting the said one head of cattle with a gun with the intent to injure the owner; and his punishment was assessed at three years.

The alleged injured party, Harold Trant, testified that a 450 pound Hereford-type calf of over the value of $100, which he owned, was found dead in a pasture about seventy-five yards from the road; that the calf had several bullet holes in the body; and that he did not give anyone permission to shoot the calf.

The tracing of a license number of an automobile, which was driven back and forth several times on the road by the Trant pasture on the afternoon of January 30, showed that it belonged to the appellant. The license number was obtained by a person living near the Trant pasture.

The written statement of the appellant made to the Sheriff of Brazos County pertaining to the shooting of a calf was introduced by the state without objection. Omitting the formal parts the statement reads as follows:

"On Wednesday the 30th of January, 1963 James Heath came to Joes Number two and asked me to take him and Henry L. Maddox hunting and I agreed to do it. James and I went to

the Maddox residence and picked up Henry Maddox.

"We first went out on the Tabor road, set up a couple of beer caps and shot at them for target practice, we then decided to go over into Grimes County hunting. We were looking for a deer to shoot, we saw some but did not get a shot, we drove on down the road and saw a calf near the road. We stopped and I shot the calf, which was a red and white faced calf. James Heath and Henry Maddox got out of the car and went over to see about it. When they got near it it jumped up and ran off. James and Henry got back into the car, we drove up the road a couple of miles, turned around and headed back the same road. We saw another calf standing near the road and I shot and killed it. This calf was about a quarter mile from where I shot the first one."

"James and Henry got out of the car and go see about this calf that I had killed and I drove down the road a short distance then went back. James and Henry said the calf was too heavy to move so we left it there and came back to Bryan.

"When we first got over there in Grimes County we bought some .22 shells, these were the shells used to kill the calf."

The two persons, James Heath and Henry L. Maddox, mentioned by name in the written statement of the appellant as shown above, testified for the state, and each testified that he was fifteen years of age. The testimony of each corroborates, in substance, the facts as related by the appellant in his statement set out herein.

The appellant did not testify but called several witnesses who attested to his good reputation. On cross-examination he sought to show by the witnesses Heath and Maddox that he was so drunk at the time the calf was shot that he did not know

what occurred; and that Maddox who was present when appellant made the written statement furnished most of the facts contained in the statement.

■ It is contended that this cause should be reversed and dismissed on the ground that the portion of Art. 1373–a, Vernon's Ann.P.C., under which the appellant was convicted (killing one head of cattle with intent to injure the owner thereof) is unconstitutional for the reason that the caption of said article does not provide for and give notice of the inclusion of killing cattle of another with the intent to injure the owner thereof, and thereby violates Art. 3, Sec. 35 of the Texas Constitution, Vernon's Ann.St.

The caption of said bill, and the applicable provisions of the bill are as follows:

"An Act to amend Article 1373 Penal Code of 1925, and amend Chapter 3 of Title 17 of the Penal Code of the State of Texas, 1925 revision, by adding a new Article numbered 1373—a, providing for punishment for killing certain animals or scattering and depositing poison in certain places thereby killing or injuring certain animals; providing the penalty therefor; and declaring an emergency."

"Be it enacted by the Legislature of the State of Texas:

"That Article 1373 of the Penal Code of the State of Texas be amended so as to hereafter read as follows:

" 'Article 1373.

" 'Section 1. Whoever shall wilfully maim, wound or disfigure any horse, ass, mule, cattle, sheep, goat, swine, dog or other domesticated animal, or whoever shall wilfully kill, maim, wound, poison, or disfigure any dog, domesticated bird or fowl of another with intent to injure the owner thereof, shall be fined not less than Ten Dollars ($10) nor more than Two Hundred Dollars ($200). In prosecu-

tions under this Article the intent to injure may be presumed from the perpetration of the act.'

"Sec. 2. That Chapter 3 of Title 17 of the Penal Code of the State of Texas, 1925 revision, be amended by adding thereto a new Article, to· be known as Article 1373—a, as follows:

" 'Article 1373—a.

" 'Whoever shall wilfully kill any horse, ass, mule, cattle, sheep, goat or swine of another, or whoever shall wilfully scatter or deposit poison on the lands owned or in possession of another, with intent to injure the owner thereof, or on any open range, public road or highway or other public area, and by so scattering or depositing poison kills or injures any horse, ass, mule, cattle, sheep, goat or swine of another, shall be punished as follows:

"1. If the value of the animal or animals killed, or the injury to the animal or animals poisoned as above set out, but not killed, is Fifty Dollars ($50) or over the punishment shall be confinement in the penitentiary for not less than two (2) nor more than ten (10) years.' "

It is appellant's position that the provision "with intent to injure the owner" in said article is not expressed within said caption or in any manner provided for, and that it violates and is in contravention of Art. 3, Sec. 35 of the Texas Constitution.

The caption of the act gives notice to the public and the legislature that the purpose of the enactment was to amend Article 1373 and to amend Chapter 3 of Title 17 by adding a new article and provide punishment for the offense of killing certain animals.

In providing a penalty for the offense of killing animals, it appears that notice was reasonably given that the "intent to injure the owner" would be included within the scope of the act, as it was in Art. 1373 prior to the amending act. Therefore the caption of the amendatory act was sufficiently broad to authorize the enactment, and does not offend Sec. 35 of Art. 3 of the Texas Constitution.

■ Appellant contends that the trial court erred in failing to charge on the offense of theft and appropriation as applicable to such offense, and to instruct the jury that if appellant was guilty of theft or if they had a reasonable doubt thereof to find him not guilty of the offense charged in this cause.

The fact that the testimony relied upon to show the offense charged also developed facts which constitute another independent crime does not prevent the conviction for the offense on trial. Fuentes v. State, 163 Tex.Cr.R. 410, 292 S.W.2d 117; Jefferson v. State, Tex.Cr.App., 364 S.W.2d 227.

■ Error is urged in the submission of this cause to the jury on the ground that Art. 1373–a P.C., provides no punishment for killing one head of cattle by shooting it with a gun with the intent to injure the owner, and that it is so indefinitely framed as to be wholly inoperative.

An examination of the statutory provisions above set out reveals that the act charged is definitely and sufficiently defined as an offense with a definite penalty prescribed and affixed thereto, and is operative.

■ It is contended that the trial court erred in failing to instruct the jury in connection with the definition of the term "wilful"; that the act charged must have been done with intent to injure the alleged owner; that the court again erred in failing to define "legal malice" and also the phrase "for believing the act to be lawful," and allowed the jury to place its own construction thereon.

The definition, as given, reads:

"The term 'wilful' means with evil intent or with legal malice, or without

reasonable grounds for believing the act to be lawful."

This definition is in accord with that given in submitting similar offenses to the jury. No error is perceived. 4 Branch 2nd, 800, Sec. 2492, and cases cited.

■ In consideration of the evidence, together with the provision of the statute that the "intent to injure may be presumed from the perpetration of the act," it is concluded that the evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

■ Appellant insists that we were in error in overruling his contention that the trial court erred in failing to define the offense of ordinary theft (Art. 1410, Vernon's Ann.P.C.) in his charge, and instruct the jury that if they believed from the evidence that he was guilty of theft, as defined, or, if they had a reasonable doubt thereof, to acquit him of the offense charged.

In addition to the authorities cited in our original opinion, reference is made to the well-established rule that under the doctrine of carving the state may carve and prosecute for any offense it may elect which grows out of the same transaction. 1 Branch's Ann.P.C.2d 625, Sec. 654; Martinez v. State, 165 Tex.Cr.R. 244, 306 S. W.2d 131; Shannon v. State, 170 Tex.Cr. R. 91, 338 S.W.2d 462; Lewis v. State, 171 Tex.Cr.R. 231, 346 S.W.2d 608. Under such doctrine, the state had the right to elect and prosecute appellant under Art. 1373–a, supra, for killing the one head of cattle.

■ Appellant also challenges the conclusion reached in our original opinion that the evidence is sufficient to support the conviction under Art. 1373–a, supra, and insists that in the absence of any evidence of animosity, hatred, or ill-feeling between him and the owner of the calf there is no proof that he killed the animal with intent to injure the owner. Appellant insists that we were in error in referring to the statutory presumption contained in Art. 1373, supra, that "the intent to injure may be presumed from the perpetration of the act" because the conviction is under Art. 1373–a, supra, which contains no such provision. The early case of Newton v. State, 3 Tex. App. 245, is relied upon by appellant, where it was held that in a malicious-mischief prosecution for wilfully killing an animal the intent to injure the owner could not be presumed from the mere act of killing.

While appellant is correct that Art. 1373–a, supra, does not expressly provide for the presumption contained in Art. 1373, supra, we conclude that such a presumption does obtain in a prosecution under Art. 1373–a, supra. Clearly, it was the intention of the legislature in enacting Art. 1373, supra, that in malicious-mischief prosecutions under Chapter 3 of Title 17 of the Penal Code, for wilfully killing certain domesticated animals, the intent to injure may be presumed from the perpetration of the act. Such was the law when Chapter 3 of Title 17 of the code was amended by the legislature in 1945 by adding Art. 1373–a, supra, as a new article, making it a penal offense to kill certain domesticated animals.

Newton v. State, supra, cited by appellant, is not here controlling, because the case was decided prior to change of the malicious-mischief statute (Art. 1373, supra) by providing that the intent to injure the owner may be presumed from the perpetration of the act.

The evidence shows that appellant intentionally shot the calf without any legal justification or excuse. Such act, under the facts presented, could have been with nothing other than evil intent to injure the owner of the animal.

The evidence is amply sufficient to support a finding that appellant's act was with the intent to injure the owner of the animal.

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the Court.