**Rodolfo Casares GARCIA and Miguel Juarez Cazares, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41771.**

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Polk Hornaday, Harlingen, D. J. Lerma, Brownsville, for appellants.

F. T. Graham, District Atty., Joel William Ellis, Asst. District Atty., Browns-

**534**

ville, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment for each appellant is ten years.

◼ Their first ground of error is that if they violated any law, it was a violation of Art. 1177a, Vernon's Ann.P.C., "Kidnapping for extortion," and not robbery. The answer to such contention may be found in the opinion of this Court in Lewis v. State, 171 Tex.Cr.R. 231, 346 S.W.2d 608, at 612, where we said:

"Under the doctrine of carving, the State may carve and prosecute for any offense it may elect which grows out of the transaction. 1 Branch's Ann.P.C. 2d Ed., 625, sec. 654; Martinez v. State, 165 Tex.Cr.R. 244, 306 S.W.2d 131. The fact that testimony relied upon by the State to show the offense charged against an accused also develops facts which constitute another independent crime does not prevent a conviction for the offense on trial. Fuentes v. State, 163 Tex.Cr.R. 410, 292 S.W.2d 117."

◼ Their second ground of error is that the jury failed to read the Court's charge. He supports this contention by an allegation that the jury only deliberated approximately 20 minues before reaching their verdict. No affidavit of a juror is attached to the motion for new trial. This Court as early as Turner v. State, 74 S.W. 777 (1903) said:

"The law has fixed no time in which jurors shall make up their mind as to what their verdict shall be. There is no reflection upon their conduct in any way other than the fact that they were not out considering their verdict exceeding five minutes. This is not misconduct on the part of the jury, and affords no ground setting the verdict aside."

See also Ann. 91 A.L.R.2d 1238.

◼ Their third ground of error is that the trial was not fair as to the appellant Garcia because he was brought into court handcuffed and that a Federal Marshal remained close to him during the trial. At the hearing on appellant's motion for a new trial no affidavit from any juror was introduced and no proof was made that the jurors knew the identity of Deputy Federal Marshal Sanchez, or discussed among themselves the fact that defendant was in his custody. At such hearing Sanchez testified that he had appellant in his custody at the time of the trial and was in attendance during appellant's trial but that he did not bring him into court handcuffed and that he wore no badge or uniform which would identify him as a peace officer and that he did not sit with appellant during the course of the trial.

We find no error presented by this ground of error.

◼ Appellant Garcia's fourth ground of error is that his attorney was unable to confer with him because he was held in jail immediately prior to his trial by the Federal Authorities. Counsel admits that he was representing appellant for several months prior to his incarceration by the Federal Authorities while appellant Garcia was free on bond and further admits that he was permitted to see appellant every time he went to the jail where he was being held. The inconvenience which counsel experienced could not constitute ground of error.

◼ Their ground of error number five is that the court erred in overruling their motion for new trial because of newly discovered evidence. It would unduly lengthen this opinion to discuss the testimony of Bernardo Tamez, Silvestre Trevino, and Jesus Aguilar given at the hearing on the motion for new trial, which the patient trial court heard, because each of the witnesses was known by appellant or his father long prior to trial but were not

called as witnesses and the trial court was well justified in concluding that this testimony was cumulative of testimony which was presented during the course of the trial. The failure to exercise diligence plus the cumulative nature of the testimony clearly demolish this ground of error.

■ Ground of error number six (not discussed in appellant's brief filed in the trial court) is stated as follows:

"The court erred in sentencing the defendant because there was no testimony *or* prove that Oscar Rodriguez was robbed or the time when, *nor* the place where. Tr. 53."

An examination of this record shows clearly that the injured party was robbed of more than $90.00 by both defendants while acting together.

Finding no reversible error the judgment is affirmed.