**Charles SUBER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41991.**

Court of Criminal Appeals of Texas.

April 2, 1969.

Fred Fick, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roland Hill, Tim Zachry and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The appeal is from a conviction for the offense of assault with intent to murder Tommy Wells with malice, as charged in the first count of the indictment; the punishment, 8 years.

The second count of the indictment alleged that appellant, while unlawfully carrying on and about his person a pistol, wilfully committed an assault upon Tommy Wells with said pistol and wounded him.

Upon arraignment appellant entered a plea of not guilty. Prior to trial he elected to have the court assess the punishment, if any, and filed a motion which reads:

"The Defendant asks the Court to consider this his application for a probated sentence."

A jury having been empaneled, appellant was again arraigned and upon such arraignment, and again after the indictment was read to the jury, pleaded not guilty to the first count of the indictment and guilty to the second count. No motion or other action was taken seeking to require the state to elect, and the trial proceeded on both counts.

The evidence adduced by the state shows that the injured party, Tommy Wells, and his wife were sitting in their automobile in front of their home watching a crowd of people collected at an apartment next door. Appellant threatened a Chow dog belonging to the injured party and his wife, which was chained to the porch of their house.

When appellant threatened to shoot the dog, Mrs. Wells protested and appellant threatened her. The injured party, partially disabled from an earlier stroke, began arguing with appellant from the automobile. Appellant came over to the car and shot Wells through the shoulder. Wells fell out of the car on his back and appellant began kicking him in the stomach and fired two more shots, one of which missed and the other struck Wells in the hand.

He continued his assault upon Wells and his wife with the pistol until the gun snapped several times.

Appellant did not testify or offer any evidence in his own behalf on the trial on the issue of guilt or innocence.

In the court's charge to the jury the second count of the indictment was withdrawn and the jury was instructed that appellant's plea of guilty thereto should not be considered as a circumstance of guilt.

The charge submitted and instructed the jury as to the law of assault with intent to murder with and without malice.

The jury having found appellant guilty of assault to murder with malice; the court, having heard the evidence offered by appellant (including his testimony that he had been convicted in a court-martial for an assault with a knife, committed in Korea, and served 5½ years of a 10 year sentence in the Federal Penitentiary) assessed the punishment at 8 years.

Appellant's first ground of error is:

"The trial court erred in failing to charge the jury on the lesser included offenses, to-wit: assault with a prohibited weapon and/or aggravated assault."

The sole complaint lodged against the court's charge in appellant's objections was that it did not include a charge on aggravated assault as a lesser included offense.

■ The proof shows without controversy that the assault was made with a deadly weapon per se (a pistol fired at close range) and no evidence was offered raising an issue of no intent to kill. A charge on aggravated assault was not required. Art. 45 Vernon's Ann.P.C.; 4 Branch's Ann.P.C.2d, Sec.1859, and cases there cited; Davis v. State, Tex.Cr.App., 440 S.W.2d 291, this day decided, and cases cited.

■ We are cited to no authority and know of none which holds that assault with a prohibited weapon (Art. 1151 P.C.) is a lesser included offense to that of assault with intent to murder (Art. 1160 P. C.).

■ The prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once. 1 Branch's Ann.P.C.2d, 625, Sec. 654, and cases there cited. See also Garcia v. State, Tex.Cr.App., 435 S.W.2d 533.

As has been pointed out, no effort was made to require the state to elect prior to the close of the evidence which count of the indictment would be relied on.

Appellant's contention that the court erred in denying him the right to have the jury find him guilty of the offense charged in the second count of the indictment is overruled.

Ground of error No. 2 complains that the court erred in failing to grant a mistrial after improper argument of state's counsel.

 This ground of error relates to the following remarks of counsel for the state in his closing argument, in which he discussed the court's charge, and the objections, motions and rulings of the court.

"He (the court) tells you murder is the voluntary killing of someone or attempt to kill someone by another human being in the absence of any circumstances which reduce it to a negligent homicide. There wasn't any negligence shown in this case; or which excuse or justify the killing or attempt to kill. Now, what in the world kind of an excuse have you heard that would excuse the kind and character of conduct that this defendant—

"MR. FICK: Your Honor, I am going to object to this line of argument as a violation of the Court's order commenting on the failure of the defendant to testify.

"THE COURT: I will sustain the objection.

"MR. FICK: I would ask the Court to please follow that ruling and instruct the jury not to consider it.

"THE COURT: The jury will not consider the last statement of counsel.

"MR. FICK: At this time, Your Honor, there is nothing else the defendant can do to protect himself against such argument except to ask the Court for a mistrial.

"THE COURT: Overruled."

Appellant's contention that such remarks violated the mandatory provisions of the Statute (Art. 38.08 Vernon's Ann.C.C.P.) is overruled.

In Ramos v. State, 419 S.W.2d 359, this court said:

"The well-settled rule in Texas for many years has been that 'for the argument offend against the statute, Article 38.08 V.A.C.C.P. (old Art. 710), prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto."

See also cases cited in Ramos v. State, supra.

Also, the state points out that further argument to the same effect was made to which there was no objection.

The judgment is affirmed.